CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 2 6 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALBERT L. TIBBS, | ) | Civil Action No. 7:17-cv-00178 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| L. WANG, et al., | ) | By: Hon. Michael F. Urbanski |
| Defendants. | ) | Chief United States District Judge |

Albert L. Tibbs, a Virginia inmate proceeding pro se, filed a verified complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Dr. L. Wang, the facility doctor at Green Rock Correctional Center ("Green Rock"); Sophia Massenburg, the Grievance Coordinator at Green Rock; and K. Crowder, the Western Regional Ombudsman for the Virginia Department of Corrections ("VDOC"). Plaintiff alleges that Dr. Wang was deliberately indifferent to knee pain and Massenburg and Crowder denied him access to the prison grievance process. Defendants filed motions for summary, and Plaintiff responded, making the matter ripe for disposition.[1] After reviewing the record, the court grants Defendants' motions for summary judgment.

I.

A.

Dr. Wang first examined Plaintiff for right knee pain on May 25, 2015. Plaintiff tested positive for swelling and negative for the following tests: McMurray's test for a tear in the

---

[1] Plaintiff also filed a reply to an answer that the court had not authorized in accordance with Federal Rules of Civil Procedure 7(a)(7) and 12(a)(1)(C). Consequently, that reply does not constitute a pleading that is allowed under the Federal Rules of Civil Procedure or afforded liberal construction, and the court does not consider it. See Fed. R. Civ. P. 7(a); McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (alteration added; footnote number omitted)); Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (holding that a pro se litigant is not entitled to special consideration to excuse a failure to follow a straightforward procedural requirement that a lay person can comprehend as easily as a lawyer); see also Sherrill v. Holder, No. 12-00489, 2013 U.S. Dist. LEXIS 190373, at *1, 2013 WL 11316921, at *1 (D. Az. June 25, 2013) ("This Court did not grant Plaintiff leave to file a reply to Defendant's Answer. Further, the Court does not find any basis to permit Plaintiff to file a reply to the Defendant's Answer in this case. As such, Plaintiff's Response to Defendant's Answer is stricken from the record."). Nonetheless, Plaintiff is not prejudiced because "[i]f a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6).

medial meniscus; Drawers' signs to test for potential rupture of cruciate ligaments; and the Valgus stress test for ligament damage. Dr. Wang ordered an X ray of the right knee standing, prescription-strength Ibuprofen, 800 m.g. twice a day, and a bottom bunk assignment. The X ray conducted on May 29, 2015, revealed osteoarthritis.

Dr. Wang saw Plaintiff on August 17, 2015, for right knee pain. Plaintiff's gait and the knee's range of motion were within normal limits. Dr. Wang ordered Ibuprofen, 600 m.g. twice a day, and scheduled Plaintiff for a knee injection. Dr. Wang administered a corticosteroid and Lidocaine injection on August 21, 2015.

Thereafter, Plaintiff had visited the medical department for various conditions but did not complain of knee pain again until over a year later on September 26, 2016. Plaintiff sought an MRI for right knee pain. Dr. Wang examined Plaintiff, and Plaintiff's gait and the knee's range of motion were still within normal limits. Plaintiff again tested negative for McMurray's test and the Valgus stress test. Dr. Wang ordered another X ray, which revealed osteoarthritis that had not significantly changed since the prior X ray. Dr. Wang reviewed the result with Plaintiff on December 2, 2016, and ordered Naprosyn, 500 m.g. twice daily, for pain. Plaintiff did not complain about his knee during appointments with medical staff on December 15 and 29, 2016.

Plaintiff filed a regular grievance on March 20, 2017. Plaintiff complained that Dr. Wang would not order a knee cap replacement and instead treated his knee pain with pills. Because Plaintiff did not note when he last saw medical staff about the pain, Massenburg inquired and learned that the date was December 2, 2016. Consequently, Massenburg rejected the regular grievance as untimely, noting at the bottom of the form, "According to Medical you last saw Dr. Wang on 12/2/16 for this issue." Per policy, Massenburg did not assign a log

number to the rejected regular grievance and instead returned it to Plaintiff. Plaintiff appealed by mailing the returned regular grievance to the Western Regional Ombusdman's Office.

Defendant Crowder upheld Massenburg's decision on appeal. Notably, Crowder also checked the box "Insufficient Information." This provision allows the inmate to "provide the [missing] information to the Grievance Office within 5 days before the grievance can be processed." Crowder asked Plaintiff to explain, "When were you last see in Medical re: this issue?" Crowder asked for this information because the regular grievance Plaintiff mailed to her had omitted Massenburg's handwritten note at the bottom of the form. Plaintiff did not resubmit the grievance, and he commenced this action no sooner than April 21, 2017.

## II.

Defendants filed motions for summary judgment. A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-24. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v.

3

Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). A plaintiff cannot use a response to a motion for summary judgment to amend or correct a complaint challenged by the motion for summary judgment. Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009).

**A.**

Defendants argue that Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). The court agrees and grants Defendants' motions for summary judgment.

The exhaustion requirement is mandatory and "applies to all inmate suits about prison life[.]" Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). When a prison provides an administrative grievance procedure, the inmate must file a grievance raising a particular claim and pursue it through all available levels of appeal to "properly exhaust." Id.; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[W]hen prison officials prevent inmates from using the administrative process . . ., the process that exists on paper becomes unavailable in reality." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). A defendant has the burden to prove an inmate's failure to exhaust available administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007). Once a defendant presents evidence of a failure to exhaust, the burden of proof shifts to the plaintiff to

show, by a preponderance of the evidence, that exhaustion occurred or administrative remedies were unavailable through no fault of the plaintiff. See, e.g., Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011).

VDOC Department Operating Procedure ("OP") 866.1, "Offender Grievance Procedure," provides the administrative remedies for inmates to resolve complaints, appeal administrative decisions, and challenge policies and procedures. The process provides correctional administrators means to identify potential problems and, if necessary, correct those problems in a timely manner. All issues are grievable except issues about policies, procedures, and decisions of the Virginia Parole Board; disciplinary hearing penalties and/or procedural errors; state and federal court decisions, laws, and regulations; and other matters beyond the VDOC's control.

An inmate must file a regular grievance within thirty calendar days from the date of the occurrence or incident.[2] Regular grievances that do not meet the filing requirements of OP 866.1 are returned to the inmate within two working days from the date of receipt with instructions, when possible, about how the inmate may remedy any deficiency.[3] An inmate may appeal an intake decision by sending the grievance and the intake decision to a regional ombudsman within five days of receipt. There is no further review of the intake decision.

The last pertinent time Dr. Wang consulted with Plaintiff about the knee was in December 2016, but Plaintiff did not pursue an administrative remedy until March 2017, long after the thirty day period had already expired. Plaintiff did not comply with the the thirty day time limit or Crowder's allowance to resubmit the regular grievance within five days noting the date he had seen medical staff about the knee.

---

[2] VDOC officials may modify the thirty-day limit for instances beyond the inmate's control or when a more restrictive time-limit has been established.
[3] A copy of the intake decision is kept in the inmate's grievance file.

5

Plaintiff does not allege that administrative remedies were not available, but he does claim that the thirty day limit should not apply because the knee pain should be considered "beyond his control." OP 866.1 does allow an exception to the thirty day limit for circumstances beyond the inmate's control, such as earthquake, riots, lockdowns, and the like. Nothing about Plaintiff's dissatisfaction with the medical care he received qualifies as a circumstance beyond his control. Also, Plaintiff never filed a regular grievance about his dissatisfaction about how Massenburg and Crowder reviewed his grievance.

The record reveals that administrative remedies were not unavailable and that Plaintiff failed to pursue them about the claims of this lawsuit. Accordingly, Defendants are entitled to summary judgment.

**B.**

Even if he had exhausted available administrative remedies, the record refutes a claim that Dr. Wang exhibited deliberate indifference to a serious medical need or that Massenburg or Crowder unlawfully denied him access to the prison grievance process.

1. Dr. Wang

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need to state a claim under the Eighth Amendment for the unconstitutional denial of medical assistance. West v. Atkins, 487 U.S. 42, 48 (1988); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994). Deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or

reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851-52. A health care provider may be deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or is intolerable to fundamental fairness. Id. at 851. A serious medical need is a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Dr. Wang evaluated Plaintiff's complaints of knee pain, performed clinical tests to determine the presence or absence of more serious conditions, ordered X rays, and exercised medical judgment that pain and anti-inflammatory prescriptions are the appropriate treatment for Plaintiff's osteoarthritis. Plaintiff has not presented any medical evidence to support his speculation that surgery is needed, and Plaintiff's disagreement about the course of treatment does not state a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Dr. Wang explains that Plaintiff's preferred surgery has a high rate of failure and would only be considered after significant advancement of a patient's osteoarthritis, which had not yet occurred to Plaintiff based on the two X rays. To the extent Plaintiff disagrees, claims of medical malpractice and negligent diagnosis are also not actionable via § 1983. Estelle, 429 U.S. at 105-06; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw

the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence but not a claim under the Eighth Amendment). Accordingly, Dr. Wang is entitled to summary judgment.

2. Massenburg and Crowder

The allegations against Massenburg and Crowder stem only from their involvement in the prison grievance process. Thus, the allegations do not state an actionable claim under § 1983. Plaintiff simply has "no constitutional right to participate in grievance proceedings." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even if, arguendo, Massenburg and Crowder violated grievance procedures while processing his regular grievance, a claim that prison officials have not followed their own independent policies or procedures also does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1979); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Accordingly, Massenburg and Crowder are entitled to summary judgment.

III.

For the foregoing reasons, the court grants Defendants' motions for summary judgment.

ENTER: This 22nd day of December, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge